NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-166

COMMONWEALTH

vs.

CANDI A. DUMAS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted, after a jury trial, of four charges of improper storage of a firearm, G. L. c. 140, § 131L, and one charge of reckless endangerment of a child, G. L. c. 265, § 13L.  The central issue in this appeal is whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant constructively possessed the firearms.[1]

---

[1] The defendant challenges one of the firearm storage convictions on the additional ground that there was insufficient evidence that the particular weapon (a .45 caliber semi-automatic pistol manufactured by Sig Sauer) was improperly stored.  The Commonwealth concedes that the evidence was insufficient as to this charge, an assessment with which we agree after reviewing the trial transcript.  That conviction is accordingly reversed. We note that the record on appeal does not show which of the four firearm storage convictions was based on the improper storage of the firearm manufactured by Sig Sauer.  The information does not appear on the trial court docket, the verdict slip has not been included in the appellate record, the delivery of the verdict was not transcribed, and the trial transcript does not otherwise reveal the information.  The

Taking the evidence, together with the reasonable inferences to be drawn from it, in the light most favorable to the Commonwealth, we conclude that the evidence of constructive possession was sufficient.[2]  However, we conclude that the evidence of improper storage was insufficient as to one of the four firearms.  Accordingly, we reverse one of the four firearm storage convictions.  The remaining convictions are affirmed.

Viewed through the familiar lens set out in Commonwealth v. Latimore, 378 Mass. 671, 678 (1979), the evidence permitted the jury to find the following.  In December 2019, the police chief of Warren notified the defendant by letter that her license to carry firearms was being revoked.  Accordingly, the defendant went to the police station on December 16, 2019, to surrender her license.  While at the station, the defendant provided information about "the particular handgun that was involved in an incident [for which] she was turning in her" license.  She also informed the police that there were additional firearms in her home.  The defendant also stated that she was the only person in the home who possessed a valid license to carry.  The

_____

parties should assist the trial court in determining which count is based on the .45 caliber semi-automatic pistol manufactured by Sig Sauer.

[2] The defendant makes no argument on appeal regarding the conviction for reckless endangerment of a child and that conviction is accordingly affirmed without discussion.

2

defendant lived in the home with her estranged husband and her fifteen year old stepson.

The police then went to the defendant's home to retrieve any firearms that were present. The defendant told the police that a .22 caliber revolver was located in a dresser drawer of her bedroom. The police located that unsecured loaded revolver where the defendant had indicated they would. Women's clothing was located in the same dresser as the gun. A shotgun was located in a corner of the bedroom, and a bolt action rifle was on the floor next to the bed. Both firearms were loaded and unsecured.

The defendant challenges the sufficiency of the evidence concerning her constructive possession of the firearms. To prove constructive possession, the Commonwealth was required to establish "that the defendant had 'knowledge [of the weapon] coupled with the ability and intention to exercise dominion and control [over it].'" Commonwealth v. Blevins, 56 Mass. App. Ct. 206, 210-211 (2002), quoting Commonwealth v. Kitchings, 40 Mass. App. Ct. 591, 599 (1996). The judge instructed the jurors that they could consider evidence "about the location of the firearm, rifle, or shotgun, the location of the defendant, and any other relevant evidence to determine whether the defendant had control of the firearm, rifle, or shotgun."

3

There is no question that the evidence was sufficient to establish beyond a reasonable doubt that the defendant knew about the firearms; after all, she told the police about them. The evidence was also sufficient as to her intention and ability to control the firearms. The defendant was the only person in the household with a firearms license, which was a fact from which the jury could reasonably infer her intent to control the firearms located in her home. The defendant's ability to control the firearms could be inferred from the fact that she told the police where the firearms were located and directed them to their location once they arrived at the home, and from the fact that the guns were located in her bedroom. Indeed, two of the guns were in plain view close to her bed, and one was in a dresser drawer containing women's clothes. Since the defendant was the only woman living in the house, the jury could reasonably infer that the female clothing was hers. Where, as here, a defendant "has a 'particular relationship' to the location within a home or apartment in which the contraband is found, the defendant is adequately linked to that contraband, and the jury may reasonably infer that the defendant had knowledge of the contraband, as well as the ability and intention to exercise dominion and control over it." Commonwealth v. Proia, 92 Mass. App. Ct. 824, 833 (2018),

4

quoting Commonwealth v. Clarke, 44 Mass. App. Ct. 502, 506 (1998).

With respect to the four convictions of improper storage of a firearm, the judgment on the firearm storage conviction for the .45 caliber semi-automatic pistol manufactured by Sig Sauer is reversed, the verdict is set aside, and the judgment shall enter for the defendant. The remaining judgments of conviction are affirmed.

So ordered.

By the Court (Vuono,
  Wolohojian & Toone, JJ.[3]),

Assistant Clerk

Entered: February 22, 2024.

---

[3] The panelists are listed in order of seniority.